THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:12-cv-00096-MR

| | |
|---|---|
| **MELISSA D. COATES,** ) <br> ) <br>         **Plaintiff,** ) <br> ) <br>   vs.                          ) <br> ) <br> **MICHAEL J. ASTRUE,** ) <br> **Commissioner of Social Security,** ) <br> ) <br>         **Defendant.** ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Plaintiff's Application for Attorney Fees under the Equal Access to Justice Act. [Doc. 15]. The Plaintiff represents that the Commissioner does not oppose her fee request.

The Plaintiff seeks an award to her counsel in the amount of $1,137.40 in full satisfaction of any and all claims by the Plaintiff in this case pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d). [Doc. 15]. The Plaintiff further seeks reimbursement of costs in the amount of $367.85, representing $17.85 in mailing costs and $350.00 in filing fees incurred by the Plaintiff in this action. [Id.]. As noted above, the Commissioner does not contest the Plaintiff's request for fees or her

request for reimbursement of costs.  In light of the Court's prior remand of this matter, and in the absence of any contention by the Commissioner that his position was substantially justified or that special circumstances exist that would render an award of attorney's fees unjust, the Court concludes that the Plaintiff is entitled to an award of attorney's fees under the EAJA. The Court further finds that the Plaintiff is entitled to reimbursement of the claimed costs.

The Plaintiff requests that the EAJA award be paid directly to her counsel as her assignee.  In support of her request, the Plaintiff has submitted a copy of her fee assignment to counsel.  [Doc. 15 at 10].  The Court finds that the Commissioner should accept this assignment of the awarded fees by the Plaintiff to her attorney and upon receipt of such assignment, the Commissioner will pay that award of fees directly to Plaintiff's counsel, provided that it is shown that as of the date of this Order, the Plaintiff does not owe any debt to the United States Government which is subject to offset.  See <u>Astrue v. Ratliff</u>, __U.S. __, 130 S.Ct. 2521, 177 L.Ed.2d 91 (2010).

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Application for Attorney Fees under the Equal Access to Justice Act [Doc. 15] is hereby **GRANTED**, and the Plaintiff is hereby awarded attorney's fees in the

amount of One Thousand One Hundred and Thirty-Seven Dollars and Forty Cents ($1,137.40), which sum is in full satisfaction of any and all claims by the Plaintiff in this case pursuant to 28 U.S.C. § 2412(d).

**IT IS FURTHER ORDERED** that a total of $367.85 shall be reimbursed to the Plaintiff from the Treasury Judgment Fund upon certification thereof by the Office of the United States Attorney to the Department of Treasury.

**IT IS FURTHER ORDERED** that the Commissioner shall inform Plaintiff's counsel whether the Plaintiff owes a debt to the Government by which this fee award may be offset no later than thirty (30) days from entry of this Order. Within the same time period, the Plaintiff shall provide a valid fee assignment to the Defendant.

**IT IS FURTHER ORDERED** that in the event that past-due benefits are awarded on remand, the Plaintiff shall have thirty (30) days after being served with notice of the past-due benefits award to file for an award of fees pursuant to the Social Security Act, 42 U.S.C. § 406(b).

**IT IS FURTHER ORDERED** that no additional Petition pursuant to 28 U.S.C. § 2412(d) may be filed.

**IT IS SO ORDERED.**

Signed: January 4, 2013

Martin Reidinger
United States District Judge